**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FILED
JUL 17 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

      Plaintiff,                          Criminal Case No. 04-80593

v.                                               HON. DENISE PAGE HOOD

FREDERICK DYE (D-1),

      Defendant.
_____/

## ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582

This matter is before the Court on Defendant Frederick Dye's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). On August 4, 2005, Dye entered a plea of guilty to Counts 3 and 4 the Indictment, Possession with Intent to Distribute Cocaine Base, 21 U.S.C. § 841(a)(1) (Count 3) and Possession of a Firearm in Furtherance of Drug Trafficking Offense, 18 U.S.C. § 924(c). On September 28, 2006, the Court imposed a sentence of imprisonment of 84 months on Count 3 and 60 months on Count 4, to run consencutvely, followed by five years of supervised release on each count, to run concurrently. (Judgment, Doc. No. 35)

In 1987, the United States Sentencing Commission adopted a 100 to 1 ratio with regards to treating every gram of crack cocaine as the equivalent of 100 grams of powder cocaine when it first promulgated the United States Sentencing Guidelines.

*Kimbrough v. United States,* 522 U.S. 85 (2007). In 2007, the Commission amended the Guidelines to reduce by two levels the base offense level associated with each quantity of crack cocaine. See USSG Supp. App. C, Amdt. 706 (effective Nov. 1, 2007). In 2008, the Commission made that amendment retroactive. *Id.*, Amdt. 713 (effective Mar. 3, 2008). When the Commission makes a Guideline amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes the trial court to reduce an otherwise final sentence that is based on the amended provision. A defendant subject to a statutory mandatory minimum sentence is not eligible for reduction because Amendment 706 does not lower a defendant's applicable guideline range. *United States v. Johnson,* 564 F.3d 419, 423 (6th Cir. 2009). A defendant is not eligible for reduction where the original sentence was based on the career-offender guidelines and not the crack cocaine guidelines. *Id.* at 422-23.

In 2010, Congress enacted the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010), and the Commission promulgated amendments to the Guidelines to lower penalties for crack cocaine convictions. The FSA increased the amount of crack cocaine necessary to trigger the mandatory minimum sentences for drug offenders. 21 U.S.C. § 841(b)(1). The Sixth Circuit Court of Appeals, in an *en banc* decision, held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect," and neither the United States Constitution

nor § 3582(c)(2) provides a basis for circumventing this interpretation. *United States v. Blewett,* 746 F.3d 647, 650 (6th Cir. 2013) *(en banc), cert denied,* 134 S.Ct. 1779 (2014).

Congress did not expressly indicate that the FSA would be applied retroactively. Based on *Blewett,* Dye is not eligible for a retroactive application of the crack cocaine guidelines under the FSA since his sentence in 2006 was imposed before the FSA went into effect in 2010. *Blewett,* 746 F.3d at 650.

Accordingly,

IT IS ORDERED that the Defendant Frederick Dye's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) **(No. 44)** is DENIED.

_____
DENISE PAGE HOOD
United States District Judge

Dated: JUL 1 7 2014